[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 30, 1991, the plaintiffs, who are owners of 45 condominium units in a condominium development known as Charles Cove, located on Island Drive in Norwalk, appealed from a decision of the Board of Tax Review of the city of Norwalk CT Page 5256-DDDDDD denying their requests for reductions in their assessments on the grand list of October 1, 1989.[1] The plaintiffs allege that the assessor's determination of the fair market value of their condominium units was excessive and unreasonable. The case was tried to the court. The thrust of the plaintiffs' argument is that the assessed value of their units was proportionately higher in relation to sales values than that of other similarly assessed non-condominium residential properties in Norwalk.
The plaintiffs brought their appeal under General Statutes § 12-117a, formerly numbered § 12-118, which allows those aggrieved by an action of a board of tax review to appeal to the Superior Court. The plaintiffs maintain that changes in market value have caused condominium owners to bear a disproportionate share of the tax burden in comparison to other residential property owners, and that such changes require the Norwalk Assessor to modify their assessments to equalize the tax burden. The plaintiffs argue that Lerner Shops of Connecticut, Inc. v. Waterbury,151 Conn. 79, 85, 193 A.2d 472 (1963), provides for judicial intervention when a taxpayer bears a disproportionate share of the taxes assessed. The plaintiffs contend that they have demonstrated this disproportion by showing that the ratio of assessed value to present market value is greater than that of other residential real estate in a similar price range. The defendant argues that inequality that arises in the ratio of assessed value to market value during the interim between revaluations does not give rise to a cause of action for inequality of assessment.
The issue regarding interim revaluations was discussed inPauker v. Roig, 232 Conn. 335, 654 A.2d 1233 (1995), where the Supreme Court held that "tax assessors ordinarily are notstatutorily required under § 12-64 to undertake interim revaluations." (Emphasis in original). This case indicates that tax assessors have the "authority to undertake an interim revaluation, should they decide to do so." (Emphasis in original). Id., 343. However, an assessor is not obliged to do so "at least in the absence of a showing of the destruction or expansion of the property, a substantial change in its use or zoning classification, or a decision by the taxpayer to go out of business." Id., 342. In the present case, the tax assessor of Norwalk did not conduct an interim revaluation on the condominiums owned by the plaintiffs, between the years 1983 and the revaluation of 1993, and was not obliged to do so. CT Page 5256-EEEEEE
After the defendant cited the undersigned's decision inWeiss v. Board of Tax Review, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 1190621 (November 7, 1994, Lewis, J., 3 Conn. L. Rptr. 13), which concerned interim revaluations, the plaintiffs indicated by way of a letter dated May 14, 1996 that they "do not claim that the assessor was required to adjust the market value between decennial revaluations. The plaintiffs' position is that the values were unequal from the initial 1983 revaluation." (Emphasis in the original). Thus, the plaintiffs in April, 1991, commenced an action seeking to overturn a 1983 assessment. This attempt, however, runs counter to General Statutes § 12-112, which provides that an appeal from the actions of an assessor must be taken "during the month of February" following that fall's assessment. The plaintiffs appeared before the defendant board of tax review in March of 1991. In their brief of February 6, 1996, the plaintiffs indicate that they were appealing "the assessment for 1990, 1991, 1992 and 1993."
Moreover, General Statutes § 12-117a provides, among other things, that a person who is aggrieved by the action of a board of tax review must appeal "within two months from the time of such action." In the present case, the plaintiffs agree that they did not appeal the 1983 assessment to a board of tax review, and therefore there could not be any appeal from a decision of a board of tax review. The plaintiffs waited too long to appeal the 1983 assessment, and they agree that the assessor is not obliged to revalue their condominiums on either the 1989 list referred to in the complaint, or on the 1990 list as stated in the plaintiffs' brief, prior to the next ten year revaluation.
Therefore, the plaintiffs' request for a reduction in their assessment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of August, 1996.
WILLIAM BURKE LEWIS, JUDGE